JOHN G. AVERY *vs.* GEORGE H. BUSHNELL & another.

Worcester. Oct. 3. — Nov. 26, 1877. ENDICOTT & LORD, JJ., absent.

A. sold and delivered to B. certain machinery for the manufacture of a patent machine, the license to manufacture which was to expire at a certain date, and took in payment a note, secured by a mortgage back upon the machinery and referring to an agreement of even date between the parties, by which A. was to retain in payment of the note a part of the price of such machines as B. should make for him. When the license expired a balance was due upon the note, which B. failed to pay on demand. *Held,* that A. was entitled to foreclose the mortgage for the payment of the debt secured thereby.

REPLEVIN of certain machinery. Writ dated December 28, 1876. At the trial in this court, before *Morton,* J., without a jury, it appeared that the plaintiff and one Kent, deceased, owned the machinery in question, which was used in the manufacture of a certain patented machine, their license to manufacture

which was to expire on July 26, 1875; and that on October 2, 1871, the plaintiff and Kent sold and delivered the machinery to William F. Bancroft and George H. Bushnell, and received in payment the following note, signed by them, secured by a mortgage back upon the machinery:

" $3700.   Worcester, October 2, 1871.   For value received, we William F. Bancroft and George H. Bushnell promise to pay to the order of John G. Avery and Ira R. Kent the sum of thirty-seven hundred dollars and interest thereon to be computed semiannually at the rate of seven per cent. per annum, said sum and interest to be paid according to the stipulations contained in a certain contract between the promisors and promisees of even date herewith, which contract is hereby referred to and made a part of this note; said Bancroft and Bushnell reserve the right to anticipate the payment of any part or the whole of this note at any time.   Payment of this note is secured by mortgage of personal property duly stamped."

The mortgage, so far as material, provided that upon the payment of $3700, " according to the stipulation and condition of a certain note and a certain contract mentioned and referred to in said " note, " then this deed, as also said certain note of even date herewith, signed by the said William F. Bancroft and George H. Bushnell, whereby they promise to pay to the grantees, or order, the said sum and interest at the times aforesaid, shall be void."

The contract referred to, signed by the parties to the note and mortgage, was as follows:

" Contract made this second day of October, A. D. 1871, between John G. Avery and Ira R. Kent, both of Spencer, in the County of Worcester, of the first part, and William F. Bancroft and George H. Bushnell, both of Worcester, in said county, of the second part, witnesseth, that the said John G. Avery and Ira R. Kent are the owners of certain machinery, tools and fixtures situate in the shop of J. S. Wheeler and Company, No. 25 Hermon Street in said Worcester, and upon the basement floor therein, which are specifically enumerated in the schedule hereto annexed marked ' A,' of the value of thirty-seven hundred dollars.

" Said Avery and Kent have an exclusive license to manufacture the ' Kent and Bancroft Self Operator,' (a machine patented under the laws of the United States,) for the term of five years from July 26th, A. D. 1870.

" The machinery and fixtures enumerated in said schedule are hereby sold and delivered to said William F. Bancroft and George H. Bushnell at said value, with permission to remove the same to the shop of the Water Meter Company, No. 31 on said Hermon Street, and said Bancroft and Bushnell are to pay for the same in the manner hereinafter provided; and in consideration hereof it is agreed that said Bancroft and Bushnell shall build all the machines that shall be made for said party of the first part, or for any other person under said letters patent, until July 25th, A. D. 1875, provided they will or can fill all orders given by the parties of the first part within sixty days from the date of receiving the order, or until the indebtedness of the party of the second part to the party of the first part is cancelled, said machines are to be completed in good and workmanlike manner, boxed for shipping, and delivered at depot within a reasonable time after receiving the order. Price to be two hundred dollars for each machine as now built, provided they do not exceed twelve sections; for any change required which does not increase or diminish the cost to a greater amount than three dollars, no claim shall be made by either party; extra track and wheels eight dollars each. Bancroft and Bushnell are to furnish new iron patterns when the present wooden patterns may be worn out, without expense to the party of the first part, except for the scrolls. Ninety-five per cent. of the amount earned in building said machines shall be due and payable from the party of the first part to the party of the second part when the same are ready for delivery, the balance is to be retained by the party of the first part for the purpose of liquidating the indebtedness of the party of the second part and the interest thereon, which shall be computed at the rate of seven per cent. per annum. Payment of said indebtedness as aforesaid to be secured by mortgage of the property herein sold to second party; the second party shall have the right to anticipate the payment of said indebtedness at any time."

It also appeared that the defendants, whose assignee in bankruptcy alone defended, were the assignees of the mortgage and were in possession of the machinery, claiming to own the same, until it was replevied; that the defendants and their assignors were always ready and able to manufacture such patented machines as Avery and Kent might order until the license expired on July 26, 1875 ; that on July 26, 1875, payments in the form of five per cent. of the price of the patented machines made by the defendants or their assignors had amounted to only enough to reduce the $3700 to about $2800; that no further payments upon the debt secured by the mortgage were ever made; that the failure of Avery and Kent to furnish orders for the patented machines seriously injured the defendants ; that on July 27, 1875, Avery and Kent made a demand in writing upon the defendants for the balance due upon the mortgage, and, the demand not having been complied with, on August 14, 1875, served upon them a notice to foreclose the mortgage.

The plaintiff contended that the refusal of the demand for payment of the balance of the note in money on July 27, 1875, was a breach of the condition of the mortgage which entitled him to possession of the machinery and to maintain this action.

The judge found for the plaintiff, and reported the case, at the request of both parties, for the consideration of the full court.

*G. F. Hoar & T. L. Nelson*, for the defendants.

*W. S. B. Hopkins*, for the plaintiff.

COLT, J. The mortgage of personal property under which the plaintiff claims title, with the note secured thereby, and the contract therein referred to, between the parties to the mortgage, were executed at the same time and are to be construed together as constituting one transaction. So construed, we have no question that they created a debt to the plaintiff, secured by the mortgage, for the payment of which he is entitled to the possession of the property therein described.

It appears that there was a sale of machinery for a price agreed, and a delivery of the same to the purchasers, who gave an agreement for the payment of the price, in the form of a note secured by a mortgage back on the same property. The note refers to the contract, which is also made part of it. But the contract is

simply an agreement as to the method in which the debt may be paid other than in cash, namely, by certain allowances to the promisors for work which might be done for the promisees upon orders furnished by them for the manufacture of certain patented machines. But there is no agreement that the latter shall furnish orders for machines, the demand for which must have been limited at least, and would entirely fail with the life of the patent. There was a possibility that those allowances would not be sufficient to pay the debt. And the right to anticipate payment in cash was expressly reserved. It is clear that the mortgagors, when they made the arrangement, took the risk of not being able to pay the whole, in the method which the mortgagees agreed to accept, and, failing in that, the balance, in the absence of anything in the agreement fixing the time, becomes due, if not on demand, at least after lapse of a reasonable time.

*Judgment for the plaintiff.*